[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10248

Non-Argument Calendar

_____

MONICA TAYLOR,
a.k.a. Stormy M,

                                   Plaintiff-Appellant,

*versus*

SECRETARY, U.S. DEPARTMENT OF THE TREASURY,

                                   Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:20-cv-00583-CG-N

_____

Before JILL PRYOR, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Monica Taylor appeals the district court's grant of summary judgment to United States Department of the Treasury ("the Department") because she failed to file her employment discrimination complaint within 90 days of receiving the Equal Employment Opportunity Commission's ("EEOC") final decision. On appeal, Taylor argues that we should overturn the district court's decision and rule in her favor, and she reiterates the substantive claims she made in her complaint that she suffered discrimination based on her race, age, and disability. The Department responds by moving for summary affirmance of the district court's judgment, and it argues that Taylor does not argue in her initial brief that she filed her district court complaint within 90 days of receiving the EEOC's final decision, and so she has abandoned any timeliness argument and the district court's judgment is due to be affirmed. Alternatively, the Department argues that the district court's judgment was indisputably correct as a matter of law because Taylor did not meet the procedural requirements of 42 U.S.C. § 2000e–5(f)(1) and did not meet the 90-day filing requirement.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a

matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969).

We review *de novo* a lower court's grant of summary judgment, using the same legal standards applied by the lower court. *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant has met this burden, courts must view the evidence in the light most favorable to the non-movant. *Alvarez*, 610 F.3d at 1263–64.

Issues not briefed on appeal are deemed forfeited and will not be addressed absent extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 871–72 (11th Cir. 2022) (*en banc*), *cert. denied*, 143 S. Ct. 95 (2022). Additionally, to reverse a district court order that is based on multiple, independent grounds, a party must convince us that every stated ground for the judgment against her is incorrect. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, she is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed. *Id.* Issues must be raised plainly and prominently on appeal. *See id.* at 680–81.

We conclude that summary affirmance is warranted here because Taylor made no argument in her brief concerning the basis of the district court's order granting summary judgment to the Department—the timeliness of her complaint after receiving the EEOC's final decision. Accordingly, she forfeited any argument regarding the timeliness of her complaint, and the Department is correct as a matter of law that the district court's judgment adopting the report and recommendation and granting summary judgment to the Department is due to be affirmed. *Campbell,* 26 F.4th at 871–72; *Sapuppo*, 739 F.3d at 680.

Accordingly, because the government's position is correct as a matter of law, we GRANT the Department's motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED**.